JS 44
(Rev. 07/86)

# CIVIL COVER SHEET

FILED
2007 Jun-05 PM 02:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. this form, approved by the Judicial Conference of the United States in September 1874, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. **(SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)**

## I (a) PLAINTIFFS

David and Terri Staton

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Jefferson
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Frank O. Hanson, Jr.
4401 Gary Avenue, Fairfield, AL 35064

## DEFENDANTS

Davol, Inc.; C. R. Bard, Inc., et al.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)
Melanie M. Bass
Cabaniss Johnston, Gardner, Dumas & O'Neal LLP
Bham, AL 35203 205/716-5200

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 **U.S. Government Plaintiff**
- ☐ 2 **U.S. Government Defendant**
- ☐ 3 **Federal Question** (U.S. Government Not a Party)
- ☒ 4 **Diversity** (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| **Citizen of This State** | ☒ 1 | ☐ 1 | **Incorporated or Principal Place of Business in This State** | ☐ 4 | ☐ 4 |
| **Citizen of Another State** | ☐ 2 | ☐ 2 | **Incorporated and Principal Place of Business in Another State** | ☐ 5 | ☒ 5 |
| **Citizen or Subject of a Foreign Country** | ☐ 3 | ☐ 3 | **Foreign Nation** | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(PLACE AN x IN ONE BOX ONLY)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury-Med Malpractice
- ☒ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 Habeas Corpus
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Food & Drug
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC (405(g))
- ☐ 863 DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## V. ORIGIN *(PLACE AN x IN ONE BOX ONLY)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. §§ 1332, 1441, and 1446

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $2,000,000**

☐ *Check YES only if demanded in complaint:*
**JURY DEMAND:** ☒ YES ☐ No

## VIII. RELATED CASE(S) IF ANY (SEE INSTRUCTIONS)

JUDGE _____ DOCKET NUMBER _____

6-4-07
DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT# _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION**

| | | |
|---|---|---|
| DAVID AND TERRI STATON,<br><br>Plaintiffs,<br><br>v.<br><br>DAVOL INC.; C. R. BARD, INC.; A; B; C; D; E; F; G; H; I; J; K; L; M; N,<br><br>Defendants. | ) | Civil Action No.: ____________ |

**NOTICE OF REMOVAL**

Defendants Davol Inc. and C. R. Bard, Inc. ("Defendants"), by their undersigned counsel, hereby remove the above-captioned matter from the Circuit Court for Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of removal, Defendants respectfully state:

1. Plaintiffs filed this action in the Circuit Court for Jefferson County, Alabama, on April 18, 2007. Defendants were served on May 4, 2007.

2. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441(a).

## I. Defendants Have Satisfied the Procedural Requirements for Removal

3. Removal is timely. Defendants were served with a copy of the Complaint on May 4, 2007. *See* Att. A (copy of all process, pleadings, and orders served upon, including the summons and complaint). This Notice of Removal is being filed within 30 days of the first date on which Defendants received a copy of the Complaint through service, and so is timely pursuant to 28 U.S.C. § 1446(b).

4. Venue is proper. The Circuit Court for Jefferson County, Alabama is located within the Northern District of Alabama, Southern Division, and, therefore, venue is proper in this Court pursuant to 28 U.S.C. § 81(a)(3) because it is "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. No further proceedings have been had in the state court action.

6. No previous application has been made for the relief requested herein.

7. A copy of the written notice required by 28 U.S.C. § 1446(d) is attached as Att. B and is being filed in the Circuit Court for Jefferson County, Alabama and served on Plaintiffs.

## II. Removal is Proper in This Case

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of costs and interest.

### A. Complete diversity exists between Plaintiffs and Defendants.

9. Plaintiffs are residents of Jefferson County, Alabama.

10. Davol and Bard are, and have been at all relevant times, corporations incorporated under the law of the states of Delaware and New Jersey respectively, with

their principal places of business in Rhode Island and New Jersey. For purposes of determining jurisdiction pursuant to 28 U.S.C § 1332(c)(1), therefore, Davol and Bard are not citizens of the state of Alabama.

11. The naming of fictitious defendants, namely A through N, is disregarded in making determinations regarding removal. *See* 28 U.S.C. § 1441(a).

**B. The amount in controversy requirement is satisfied.**

12. The Complaint seeks damages against Defendants in the amount of $2,000,000.

WHEREFORE, Defendants respectfully remove this action from the Circuit Court for Jefferson County, Alabama to this Court pursuant to 28 U.S.C. § 1441.

Dated: June 4, 2007

Respectfully submitted,

Crawford McGivaren, Jr. MCG008
Melanie M. Bass MER013
Cabaniss, Johnston, Gardner, Dumas & O'Neal LLP
2001 Park Place North
Suite 700
Birmingham, AL 35203
(205) 716-5200

*COUNSEL FOR DEFENDANT DAVOL, INC. AND DEFENDANT C.R. BARD, INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a true and correct copy of the foregoing on all parties to this proceeding, or their attorney of record, as follows:

Mr. Frank O. Hanson, Jr.
4401 Gary Avenue
Fairfield, Alabama 35064

by placing the same in the United States mail, first class postage prepaid and properly addressed this 4th day of June 2007.

OF COUNSEL

# ATTACHMENT A

State of Alabama
Unified Judicial System

Form ARCiv-93 Rev.5/99

# COVER SHEET
# CIRCUIT COURT - CIVIL CASE
(Not For Domestic Relations Cases)

Case Numbe
01-CV-200

Date of Filing:
04/18/2007

ELECTRONICALLY FILED
4/18/2007 3:37 PM
CV-2007-900670.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## GENERAL INFORMATION

**IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA**
**DAVID BRUCE STATON ET AL v. DAVOL, INC. ET AL**

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:**

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☑ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: ____________

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ **INITIAL FILING** A ☐ **APPEAL FROM DISTRICT COURT** O ☐ **OTHER**

R ☐ **REMANDED** T ☐ **TRANSFERRED FROM OTHER CIRCUIT COURT** ____________

**HAS JURY TRIAL BEEN DEMANDED?** ☑ **Yes** ☐ **No**

**RELIEF REQUESTED:** ☑ **MONETARY AWARD REQUESTED** ☐ **NO MONETARY AWARD REQUESTED**

**ATTORNEY CODE:** HAN007 4/18/2007 3:24:54 PM /s FRANK HANSON

**MEDIATION REQUESTED:** ☑ **Yes** ☐ **No** ☐ **Undecided**

ELECTRONICALLY FILED
4/18/2007 3:37 PM
CV-2007-900670.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT FOR JEFFERSON COUNTY, ALABAMA

DAVID STATON & TERRI STATON

Plaintiffs,

Vs. CIVIL ACTION NO.: ___________________

DAVOL, INC.;
C. R. BARD, INC.;

A, whether singular or plural, that hospital, clinic, or other health care facility which undertook to provide medical services to Plaintiff, DAVID STATON, (hereinafter referred to as "Plaintiff"), on the occasion made the basis of this suit, the negligence, breach of contract, or other actionable conduct of which contributed to Plaintiff's injuries;

B, whether singular or plural, that entity which undertook to provide medical-diagnostic, -rehabilitative, -technical, or –therapeutic services to Plaintiff on the occasion made the basis of this suit, the negligence, breath of contract, or other actionable conduct of which, contributed to cause Plaintiff's injuries;

C, whether singular or plural, that medical partnership, professional association, or professional corporation which undertook to provide medical services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of which contributed to cause Plaintiff's injuries;

D, whether singular or plural, that person who, as an owner, stockholder, partner, associate, employee, or agent of any of the fictitious parties described above in items A through C, inclusive, undertook to provide health care or related services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of which contributed to cause Plaintiff's injuries;

E, whether singular or plural, that physician (including an intern, resident, or fellow), who undertook to provide medical services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of whom contributed to cause Plaintiff's injuries;

F, whether singular or plural, that nurse, who undertook to provide medical services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of whom contributed to cause Plaintiff's injuries;

G, whether singular or plural, that medical services therapist, technician, or worker who undertook to provide medical services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of whom contributed to cause Plaintiff's injuries;

H, whether singular or plural, that student health care practitioner who undertook to provide medical services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of whom contributed to cause Plaintiff's injuries;

I, whether singular or plural, that entity which designed or manufactured any product which contributed to cause Plaintiff's injuries on the occasion made the basis of this suit;

J, whether singular or plural, that entity which in anywise participated in any testing of any product which contributed to cause Plaintiff's injuries, on the occasion made the basis of this suit;

K, whether singular or plural, that entity which had any role in the distribution of any product which contributed to cause Plaintiff's injuries on the occasion made the basis of this suit;

L, whether singular or plural, that entity which, concerning the occasion made the basis of this suit, was the principal of any of the named or above-described fictitious party defendants;

M, whether singular or plural, that entity which is the successor-in-interest of any of the named or above-described fictitious party defendants; and

N, whether singular or plural, that entity, other than those described above, the negligence, breach of contract, or other wrongful conduct of which contributed to cause Plaintiff's injuries on the occasion made the basis of this suit. (Plaintiff avers that the identity of the fictitious party defendants is otherwise unknown to Plaintiff at this time, or, if their names are known to Plaintiff at this time, their identity as proper party defendants is not known to Plaintiff at this time; but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.

Defendants.

## COMPLAINT

## COUNT I

1. On or about April 19, 2005, DAVID STATON (hereinafter referred to as PLAINTIFF) was a patient receiving medical services for consideration at BAPTIST MEDICAL CENTER PRINCETON. Said care was rendered by GREGORY THOMAS, M.D. Said

medical care involved the surgical use and placement of a BARD COMPOSITE/COMPOSIX KUGEL HERNIA PATCH device/product designed, manufactured, marketed and/or sold by the defendants DAVOL, INC. and C. R. BARD, INC. and/or Fictitious defendants H, I, J, K, L, M, and/or N. All medical services were rendered in Jefferson County, Alabama.

2. Defendants, A, B, C, D, E, F, G, H, I, J, K, L, M and N whose more correct names and identities are unknown to Plaintiff but will be correctly named and identified when ascertained, are the respective entities or which fit the description below:

A, whether singular or plural, that hospital, clinic, or other health care facility which undertook to provide medical services to Plaintiff, DAVID STATON, (hereinafter referred to as "Plaintiff"), on the occasion made the basis of this suit, the negligence, breach of contract, or other actionable conduct of which contributed to Plaintiff's injuries;

B, whether singular or plural, that entity which undertook to provide medical-diagnostic, -rehabilitative, -technical, or –therapeutic services to Plaintiff on the occasion made the basis of this suit, the negligence, breath of contract, or other actionable conduct of which, contributed to cause Plaintiff's injuries;

C, whether singular or plural, that medical partnership, professional association, or professional corporation which undertook to provide medical services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of which contributed to cause Plaintiff's injuries;

D, whether singular or plural, that person who, as an owner, stockholder, partner, associate, employee, or agent of any of the fictitious parties described above in items A through C, inclusive, undertook to provide health care or related services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of which contributed to cause Plaintiff's injuries;

E, whether singular or plural, that physician (including an intern, resident, or fellow), who undertook to provide medical services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of whom contributed to cause Plaintiff's injuries;

F, whether singular or plural, that nurse, who undertook to provide medical services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of whom contributed to cause Plaintiff's injuries;

G, whether singular or plural, that medical services therapist, technician, or worker who undertook to provide medical services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of whom contributed to cause Plaintiff's injuries;

H, whether singular or plural, that student health care practitioner who undertook to provide medical services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of whom contributed to cause Plaintiff's injuries;

I, whether singular or plural, that entity which designed or manufactured any product which contributed to cause Plaintiff's injuries on the occasion made the basis of this suit;

J, whether singular or plural, that entity which in anywise participated in any testing of any product which contributed to cause Plaintiff's injuries, on the occasion made the basis of this suit;

K, whether singular or plural, that entity which had any role in the distribution of any product which contributed to cause Plaintiff's injuries on the occasion made the basis of this suit;

L, whether singular or plural, that entity which, concerning the occasion made the basis of this suit, was the principal of any of the named or above-described fictitious party defendants;

M, whether singular or plural, that entity which is the successor-in-interest of any of the named or above-described fictitious party defendants; and

N, whether singular or plural, that entity, other than those described above, the negligence, breach of contract, or other wrongful conduct of which contributed to cause Plaintiff's injuries on the occasion made the basis of this suit. (Plaintiff avers that the identity of the fictitious party defendants is otherwise unknown to Plaintiff at this time, or, if their names are known to Plaintiff at this time, their identity as proper party defendants is not known to Plaintiff at this time; but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained).

3. Plaintiff alleges that the conduct of each of the named defendants, and also the above-described defendants A, B, C, D, E, F, G, H, I, J, K, L, M and N, combined and concurred, and proximately caused him to contract a severe, life-threatening and disabling infection, and infection complications, surgical complications, failure of hernia surgery, abdominal and intestinal complications, permanent impairment, injury and disability and will in the future require additional medical care and surgery. It has further caused him severe physical, mental and emotional pain and suffering and fear for his medical health and well being.

4. On or about April 19, 2005, and for some time prior to and thereafter, defendants DAVOL, INC. (hereinafter referred to as DAVOL) and C. R. BARD, INC. (hereinafter referred to as BARD) and/or the fictitious party defendants, I, J, K, L, M and N listed and described in the caption hereof, were engaged in the business of formulating, developing, manufacturing, selling and/or distributing said **BARD COMPOSITE/COMPOSIX**

**KUGEL HERNIA PATCH** device/equipment/system (hereinafter referred to as the "device/equipment/system") and/or its component parts throughout the United States, including the State of Alabama, for use by certain members of the general public. Said defendants during said period of time and for a valuable consideration developed, designed, manufactured, leased, sold and/or distributed the said equipment/system and/or its component parts involved in the occurrence made the basis of this suit.

At the aforesaid time and place, the said device/equipment/system and/or its component parts were in substantially the same condition as when manufactured, sold and/or distributed, and was being used in a manner that was foreseeable. The said device/equipment/system and/or its component parts were not reasonably safe when being used in a foreseeable manner, but to the contrary, were defective and unreasonably dangerous to the human body when being so used. Said defendants knew, or in the exercise of reasonable care should have known, that said device/equipment/system and/or its component parts were unreasonably dangerous to the human body when being so used in a foreseeable manner.

The foregoing wrongful conduct of said defendants was a proximate cause of the plaintiff's injuries and damages and renders said defendants liable to plaintiff pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

a. In the event the said named and fictitious party defendants were not the original designers, manufacturers or, distributors of said device/equipment/system and/or its component parts, they are liable as the predecessors or successors of the original designers, manufacturers or distributors.

5. The defendants DAVOL and/or BARD and/or fictitious party defendants I, J, K, L, M and N listed and described in the caption hereof, negligently or wantonly formulated, developed, manufactured, leased, sold and/or distributed the said device/equipment/system and/or its component parts involved in the occurrence made the basis of plaintiff's complaint, and said negligent and wanton conduct was a proximate cause of the plaintiff's injuries and damages herein described. Furthermore, they are liable as the original formulators, developers, manufacturers, sellers or distributors or as the predecessors or successors of the original formulators, developers, manufacturers, sellers or distributors of said device/equipment/system and/or its component parts.

6. The defendants DAVOL and/or BARD and/or fictitious party defendants I, J, K, L, M and N listed and described in the caption hereof as the formulators, developers, manufacturers, distributors, lessors and/or sellers of the said device/equipment/system and/or its component parts involved in the occurrence made the basis of plaintiff's complaint, negligently or wantonly failed to warn the plaintiff of the dangers associated with the use of the aforesaid device/equipment/system and/or its component parts and said negligent or wanton conduct was a proximate cause of the plaintiff's injuries and damages. Furthermore, said defendants knew or should have known of inherent defects, flaws and dangers in the said PATCH device that would cause injury to the body and organs of the patient once surgically implanted, or cause the device to fail or malfunction

once implanted, causing injury to the body and organs of the patient, but they negligently, willfully and/or intentionally concealed and withheld this information from physicians, patients and the public.

7. On or before April 19, 2005, defendants DAVOL and/or BARD and/or fictitious party defendants I, J, K, L, M and N listed and described in the caption hereof, were in the business of leasing, selling or distributing the said device/equipment/system and/or its component parts in the State of Alabama and said defendants were merchants with respect to such goods. At the time of the aforesaid, the defendants knew or had reason to know the particular purpose for which the said device/equipment/system and/or its component parts were to be used, and the defendants knew or had reason to know that plaintiff was relying on the skill and judgment of the defendants and in fact relied on said skill and judgment at the time the said device/equipment/system and/or its component parts was used. Defendants thereby impliedly warranted that the said device/equipment/system and/or its component parts were fit for said purpose. Plaintiff used the said device/equipment/system and/or its component parts for the particular purpose for which selection had been made by the defendants. Plaintiff avers that said defendants breached the aforesaid implied warranty in that said device/equipment/system and/or its component parts were not reasonably fit for the use for which they were selected. As a proximate result of the aforesaid breach of warranty by each of the aforesaid defendants, the plaintiff was caused to suffer the injuries and damages set out herein.

8. On or before April 19, 2005, defendants DAVOL and/or BARD and/or fictitious party defendants I, J, K, L, M and N listed and described in the caption hereof, were in the business of leasing, selling or distributing the said device/equipment/system and/or its component parts in the State of Alabama and said defendants were merchants with respect to such goods. The said defendants expressly warranted that said device/equipment/system and/or its component parts would be safe when used in a foreseeable manner. Defendants breached said warranty in that said device/equipment/system and/or its component parts were not reasonably safe when being used in a foreseeable manner. As a proximate result of the aforesaid breach of warranty by each of the aforesaid defendants, the plaintiff was caused to suffer the injuries and damages set out herein.

9. On or about April 19, 2005 said device/equipment/system and/or it's component parts was/were unsterile, contaminated or otherwise capable of causing, allowing or creating an infection and said defendants knew, or should have known of said unsafe condition(s). They negligently and improperly caused or allowed said condition(s) to exist, negligently and improperly failed to identify said condition(s) and/or negligently failed to timely and properly notify/warn concerning said condition(s) or recall said device/equipment/system. Furthermore, the defendants negligently, willfully and/or intentionally concealed and withheld information from physicians, patients and the public.

10. Said defendants knew or should have known of the unsafe and dangerous infection causing propensities of said device/equipment/system (particularly in patients such as Plaintiff). However, they negligently and improperly failed to provide warnings concerning these matters, negligently failed to timely and properly undertake research and testing to identify and study these matters and negligently and improperly failed to design or alter the device/equipment/system or its' warnings/instructions so as to prevent infection. Furthermore, said defendants withheld and concealed information concerning the infection risks and dangers of said device/equipment/system from the public, the plaintiff and the medical profession.

11. The aforesaid wrongful, negligent or wanton conduct of the named and fictitious party defendants combined and concurred and as a proximate result thereof, the plaintiff, DAVID STATON was caused to suffer and develop massive infection(s), abdominal complications, surgical complications, injuries to the body and body organs and related complications and permanently injured.

12. The conduct of each of the named and fictitious party defendants combined and concurred, and as proximate result of same, Plaintiff was injured and damaged as follows:

a. Plaintiff was permanently injured;
b. Plaintiff was caused, and will in the future be caused, to suffer physical, emotional and mental pain, distress and anguish;
c. Plaintiff was caused and will in the future be caused to incur expenses for medical services; and
d. Plaintiff will be caused to lose future wages and income.
e. Plaintiff's wife suffered loss of consortium and services.

On the basis of the foregoing, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each defendant, and that it award damages in an amount which will adequately compensate Plaintiff for the injuries and damages sustained due to the defendant's negligence. Further, Plaintiff requests that the Court enter judgment consistent with the jury's verdict and that it also award Plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit. Furthermore, the plaintiff requests an award of damages to the Plaintiff in the amount of One Million Dollars ($1,000,000.00) in compensatory damages and One Million Dollars ($1,000,000.00) in punitive damages.

Respectfully Submitted,

FRANK O. HANSON, JR. (HAN007)
Attorney for Plaintiff

OF COUNSEL FOR PLAINTIFF:
4401 Gary Avenue
Fairfield, Alabama 35064
(205) 786-3775

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for the trial of this cause.

FRANK O. HANSON, JR.

**REQUEST FOR SERVICE**

Pursuant to Alabama Rules of Civil Procedure, 4.1 and 4.2, Plaintiff requests that the foregoing summons and Complaint be served by certified mail.

FRANK O. HANSON, JR.

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>01-CV-2007-900670.00 |
|---|---|---|

**IN THE CIVIL COURT OF JEFFERSON, ALABAMA**
**DAVID BRUCE STATON v. DAVOL, INC.**

**NOTICE TO** DAVOL, INC., 730 CENTRAL AVENUE, MURRAY HILL NJ, 07974

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY FRANK HANSON

WHOSE ADDRESS IS 4401 GARY AVENUE, FAIRFIELD AL, 35064

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of DAVID BRUCE STATON pursuant to the Alabama Rules of the Civil Procedure

4/18/2007 3:37:23 PM — Date
/s ANNE-MARIE ADAMS — Clerk/Register
By ______

☑ Certified mail is hereby requested
/s FRANK HANSON — Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ______

☐ I certify that I personally delivered a copy of the Summons and Complaint to ______

______ in ______ County, Alabama on ______

______ Date
______ Server's Signature

**01-CV-2007-900670.00**
DAVID BRUCE STATON ET AL v. DAVOL, INC. ET AL

C001 - DAVID BRUCE STATON v. D001 - DAVOL, INC.

**Plaintiff** **Defendant**

01-CV-2007-900670.00 D001

**SERVICE RETURN COPY**

UNIFIED JUDICIAL SYSTEM
TENNESSEE MISSISSIPPI GEORGIA FLORIDA
A.D. 1973
STATE OF ALABAMA

## AlaFile E-Notice

RECEIVED
MAY 04 2007
C.R. BARD, INC.
LAW DEPT

**01-CV-2007-900670.00**

To: C.R. BARD
730 CENTRAL AVENUE
MURRAY HILL, NJ 07974

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

**DAVID BRUCE STATON ET AL v. DAVOL, INC. ET AL**
**01-CV-2007-900670.00**

The following complaint was FILED on 4/18/2007 3:37:23 PM

Notice Date: 4/18/2007 3:37:23 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

| State of Alabama<br>Unified Judicial System<br><br>Form C-34 Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>01-CV-2007-900670.00 |
|---|---|---|

**IN THE CIVIL COURT OF JEFFERSON, ALABAMA**
**DAVID BRUCE STATON v. DAVOL, INC.**

**NOTICE TO** C.R. BARD, 730 CENTRAL AVENUE, MURRAY HILL NJ, 07974

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY FRANK HANSON

WHOSE ADDRESS IS 4401 GARY AVENUE, FAIRFIELD AL, 35064

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of DAVID BRUCE STATON pursuant to the Alabama Rules of the Civil Procedure

| 4/18/2007 3:37:23 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested /s FRANK HANSON
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ______________________

☐ I certify that I personally delivered a copy of the Summons and Complaint to ______________________

______________ in ______________ County, Alabama on ______________

| ______________ | ______________ |
|---|---|
| Date | Server's Signature |

AlaFile E-Notice

RECEIVED
MAY 04 2007
C.R. BARD, INC.
LAW DEPT

01-CV-2007-900670.00

To: DAVOL, INC.
730 CENTRAL AVENUE
MURRAY HILL, NJ 07974

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

**DAVID BRUCE STATON ET AL v. DAVOL, INC. ET AL**
**01-CV-2007-900670.00**

The following complaint was FILED on 4/18/2007 3:37:23 PM

Notice Date: 4/18/2007 3:37:23 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>01-CV-2007-900670.00 |
|---|---|---|

**IN THE CIVIL COURT OF JEFFERSON, ALABAMA**
**DAVID BRUCE STATON v. DAVOL, INC.**

**NOTICE TO** DAVOL, INC., 730 CENTRAL AVENUE, MURRAY HILL NJ, 07974

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY FRANK HANSON

WHOSE ADDRESS IS 4401 GARY AVENUE, FAIRFIELD AL, 35064

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of DAVID BRUCE STATON pursuant to the Alabama Rules of the Civil Procedure

4/18/2007 3:37:23 PM — Date

/s ANNE-MARIE ADAMS — Clerk/Register

By ____________

☑ Certified mail is hereby requested

/s FRANK HANSON — Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ____________

☐ I certify that I personally delivered a copy of the Summons and Complaint to ____________

____________ in ____________ County, Alabama on ____________

____________
Date

____________
Server's Signature

ELECTRONICALLY FILED
4/18/2007 3:37 PM
CV-2007-900670.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT FOR JEFFERSON COUNTY, ALABAMA

DAVID STATON & TERRI STATON

Plaintiffs,

Vs. CIVIL ACTION NO.: ____________________

DAVOL, INC.;
C. R. BARD, INC.;

A, whether singular or plural, that hospital, clinic, or other health care facility which undertook to provide medical services to Plaintiff, DAVID STATON, (hereinafter referred to as "Plaintiff"), on the occasion made the basis of this suit, the negligence, breach of contract, or other actionable conduct of which contributed to Plaintiff's injuries;

B, whether singular or plural, that entity which undertook to provide medical-diagnostic, -rehabilitative, -technical, or –therapeutic services to Plaintiff on the occasion made the basis of this suit, the negligence, breath of contract, or other actionable conduct of which, contributed to cause Plaintiff's injuries;

C, whether singular or plural, that medical partnership, professional association, or professional corporation which undertook to provide medical services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of which contributed to cause Plaintiff's injuries;

D, whether singular or plural, that person who, as an owner, stockholder, partner, associate, employee, or agent of any of the fictitious parties described above in items A through C, inclusive, undertook to provide health care or related services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of which contributed to cause Plaintiff's injuries;

E, whether singular or plural, that physician (including an intern, resident, or fellow), who undertook to provide medical services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of whom contributed to cause Plaintiff's injuries;

F, whether singular or plural, that nurse, who undertook to provide medical services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of whom contributed to cause Plaintiff's injuries;

G, whether singular or plural, that medical services therapist, technician, or worker who undertook to provide medical services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of whom contributed to cause Plaintiff's injuries;

H, whether singular or plural, that student health care practitioner who undertook to provide medical services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of whom contributed to cause Plaintiff's injuries;

I, whether singular or plural, that entity which designed or manufactured any product which contributed to cause Plaintiff's injuries on the occasion made the basis of this suit;

J, whether singular or plural, that entity which in anywise participated in any testing of any product which contributed to cause Plaintiff's injuries, on the occasion made the basis of this suit;

K, whether singular or plural, that entity which had any role in the distribution of any product which contributed to cause Plaintiff's injuries on the occasion made the basis of this suit;

L, whether singular or plural, that entity which, concerning the occasion made the basis of this suit, was the principal of any of the named or above-described fictitious party defendants;

M, whether singular or plural, that entity which is the successor-in-interest of any of the named or above-described fictitious party defendants; and

N, whether singular or plural, that entity, other than those described above, the negligence, breach of contract, or other wrongful conduct of which contributed to cause Plaintiff's injuries on the occasion made the basis of this suit. (Plaintiff avers that the identity of the fictitious party defendants is otherwise unknown to Plaintiff at this time, or, if their names are known to Plaintiff at this time, their identity as proper party defendants is not known to Plaintiff at this time; but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.

Defendants.

## COMPLAINT

## COUNT I

1. On or about April 19, 2005, DAVID STATON (hereinafter referred to as PLAINTIFF) was a patient receiving medical services for consideration at BAPTIST MEDICAL CENTER PRINCETON. Said care was rendered by GREGORY THOMAS, M.D. Said

medical care involved the surgical use and placement of a BARD COMPOSITE/COMPOSIX KUGEL HERNIA PATCH device/product designed, manufactured, marketed and/or sold by the defendants DAVOL, INC. and C. R. BARD, INC. and/or Fictitious defendants H, I, J, K, L, M, and/or N. All medical services were rendered in Jefferson County, Alabama.

2. Defendants, A, B, C, D, E, F, G, H, I, J, K, L, M and N whose more correct names and identities are unknown to Plaintiff but will be correctly named and identified when ascertained, are the respective entities or which fit the description below:

A, whether singular or plural, that hospital, clinic, or other health care facility which undertook to provide medical services to Plaintiff, DAVID STATON, (hereinafter referred to as "Plaintiff"), on the occasion made the basis of this suit, the negligence, breach of contract, or other actionable conduct of which contributed to Plaintiff's injuries;

B, whether singular or plural, that entity which undertook to provide medical-diagnostic, -rehabilitative, -technical, or –therapeutic services to Plaintiff on the occasion made the basis of this suit, the negligence, breath of contract, or other actionable conduct of which, contributed to cause Plaintiff's injuries;

C, whether singular or plural, that medical partnership, professional association, or professional corporation which undertook to provide medical services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of which contributed to cause Plaintiff's injuries;

D, whether singular or plural, that person who, as an owner, stockholder, partner, associate, employee, or agent of any of the fictitious parties described above in items A through C, inclusive, undertook to provide health care or related services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of which contributed to cause Plaintiff's injuries;

E, whether singular or plural, that physician (including an intern, resident, or fellow), who undertook to provide medical services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of whom contributed to cause Plaintiff's injuries;

F, whether singular or plural, that nurse, who undertook to provide medical services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of whom contributed to cause Plaintiff's injuries;

G, whether singular or plural, that medical services therapist, technician, or worker who undertook to provide medical services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of whom contributed to cause Plaintiff's injuries;

H, whether singular or plural, that student health care practitioner who undertook to provide medical services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of whom contributed to cause Plaintiff's injuries;

I, whether singular or plural, that entity which designed or manufactured any product which contributed to cause Plaintiff's injuries on the occasion made the basis of this suit;

J, whether singular or plural, that entity which in anywise participated in any testing of any product which contributed to cause Plaintiff's injuries, on the occasion made the basis of this suit;

K, whether singular or plural, that entity which had any role in the distribution of any product which contributed to cause Plaintiff's injuries on the occasion made the basis of this suit;

L, whether singular or plural, that entity which, concerning the occasion made the basis of this suit, was the principal of any of the named or above-described fictitious party defendants;

M, whether singular or plural, that entity which is the successor-in-interest of any of the named or above-described fictitious party defendants; and

N, whether singular or plural, that entity, other than those described above, the negligence, breach of contract, or other wrongful conduct of which contributed to cause Plaintiff's injuries on the occasion made the basis of this suit. (Plaintiff avers that the identity of the fictitious party defendants is otherwise unknown to Plaintiff at this time, or, if their names are known to Plaintiff at this time, their identity as proper party defendants is not known to Plaintiff at this time; but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained).

3. Plaintiff alleges that the conduct of each of the named defendants, and also the above-described defendants A, B, C, D, E, F, G, H, I, J, K, L, M and N, combined and concurred, and proximately caused him to contract a severe, life-threatening and disabling infection, and infection complications, surgical complications, failure of hernia surgery, abdominal and intestinal complications, permanent impairment, injury and disability and will in the future require additional medical care and surgery. It has further caused him severe physical, mental and emotional pain and suffering and fear for his medical health and well being.

4. On or about April 19, 2005, and for some time prior to and thereafter, defendants DAVOL, INC. (hereinafter referred to as DAVOL) and C. R. BARD, INC. (hereinafter referred to as BARD) and/or the fictitious party defendants, I, J, K, L, M and N listed and described in the caption hereof, were engaged in the business of formulating, developing, manufacturing, selling and/or distributing said **BARD COMPOSITE/COMPOSIX**

**KUGEL HERNIA PATCH** device/equipment/system (hereinafter referred to as the "device/equipment/system") and/or its component parts throughout the United States, including the State of Alabama, for use by certain members of the general public. Said defendants during said period of time and for a valuable consideration developed, designed, manufactured, leased, sold and/or distributed the said equipment/system and/or its component parts involved in the occurrence made the basis of this suit.

At the aforesaid time and place, the said device/equipment/system and/or its component parts were in substantially the same condition as when manufactured, sold and/or distributed, and was being used in a manner that was foreseeable. The said device/equipment/system and/or its component parts were not reasonably safe when being used in a foreseeable manner, but to the contrary, were defective and unreasonably dangerous to the human body when being so used. Said defendants knew, or in the exercise of reasonable care should have known, that said device/equipment/system and/or its component parts were unreasonably dangerous to the human body when being so used in a foreseeable manner.

The foregoing wrongful conduct of said defendants was a proximate cause of the plaintiff's injuries and damages and renders said defendants liable to plaintiff pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

a. In the event the said named and fictitious party defendants were not the original designers, manufacturers or, distributors of said device/equipment/system and/or its component parts, they are liable as the predecessors or successors of the original designers, manufacturers or distributors.

5. The defendants DAVOL and/or BARD and/or fictitious party defendants I, J, K, L, M and N listed and described in the caption hereof, negligently or wantonly formulated, developed, manufactured, leased, sold and/or distributed the said device/equipment/system and/or its component parts involved in the occurrence made the basis of plaintiff's complaint, and said negligent and wanton conduct was a proximate cause of the plaintiff's injuries and damages herein described. Furthermore, they are liable as the original formulators, developers, manufacturers, sellers or distributors or as the predecessors or successors of the original formulators, developers, manufacturers, sellers or distributors of said device/equipment/system and/or its component parts.

6. The defendants DAVOL and/or BARD and/or fictitious party defendants I, J, K, L, M and N listed and described in the caption hereof as the formulators, developers, manufacturers, distributors, lessors and/or sellers of the said device/equipment/system and/or its component parts involved in the occurrence made the basis of plaintiff's complaint, negligently or wantonly failed to warn the plaintiff of the dangers associated with the use of the aforesaid device/equipment/system and/or its component parts and said negligent or wanton conduct was a proximate cause of the plaintiff's injuries and damages. Furthermore, said defendants knew or should have known of inherent defects, flaws and dangers in the said PATCH device that would cause injury to the body and organs of the patient once surgically implanted, or cause the device to fail or malfunction

once implanted, causing injury to the body and organs of the patient, but they negligently, willfully and/or intentionally concealed and withheld this information from physicians, patients and the public.

7. On or before April 19, 2005, defendants DAVOL and/or BARD and/or fictitious party defendants I, J, K, L, M and N listed and described in the caption hereof, were in the business of leasing, selling or distributing the said device/equipment/system and/or its component parts in the State of Alabama and said defendants were merchants with respect to such goods. At the time of the aforesaid, the defendants knew or had reason to know the particular purpose for which the said device/equipment/system and/or its component parts were to be used, and the defendants knew or had reason to know that plaintiff was relying on the skill and judgment of the defendants and in fact relied on said skill and judgment at the time the said device/equipment/system and/or its component parts was used. Defendants thereby impliedly warranted that the said device/equipment/system and/or its component parts were fit for said purpose. Plaintiff used the said device/equipment/system and/or its component parts for the particular purpose for which selection had been made by the defendants. Plaintiff avers that said defendants breached the aforesaid implied warranty in that said device/equipment/system and/or its component parts were not reasonably fit for the use for which they were selected. As a proximate result of the aforesaid breach of warranty by each of the aforesaid defendants, the plaintiff was caused to suffer the injuries and damages set out herein.

8. On or before April 19, 2005, defendants DAVOL and/or BARD and/or fictitious party defendants I, J, K, L, M and N listed and described in the caption hereof, were in the business of leasing, selling or distributing the said device/equipment/system and/or its component parts in the State of Alabama and said defendants were merchants with respect to such goods. The said defendants expressly warranted that said device/equipment/system and/or its component parts would be safe when used in a foreseeable manner. Defendants breached said warranty in that said device/equipment/system and/or its component parts were not reasonably safe when being used in a foreseeable manner. As a proximate result of the aforesaid breach of warranty by each of the aforesaid defendants, the plaintiff was caused to suffer the injuries and damages set out herein.

9. On or about April 19, 2005 said device/equipment/system and/or it's component parts was/were unsterile, contaminated or otherwise capable of causing, allowing or creating an infection and said defendants knew, or should have known of said unsafe condition(s). They negligently and improperly caused or allowed said condition(s) to exist, negligently and improperly failed to identify said condition(s) and/or negligently failed to timely and properly notify/warn concerning said condition(s) or recall said device/equipment/system. Furthermore, the defendants negligently, willfully and/or intentionally concealed and withheld information from physicians, patients and the public.

10. Said defendants knew or should have known of the unsafe and dangerous infection causing propensities of said device/equipment/system (particularly in patients such as Plaintiff). However, they negligently and improperly failed to provide warnings concerning these matters, negligently failed to timely and properly undertake research and testing to identify and study these matters and negligently and improperly failed to design or alter the device/equipment/system or its' warnings/instructions so as to prevent infection. Furthermore, said defendants withheld and concealed information concerning the infection risks and dangers of said device/equipment/system from the public, the plaintiff and the medical profession.

11. The aforesaid wrongful, negligent or wanton conduct of the named and fictitious party defendants combined and concurred and as a proximate result thereof, the plaintiff, DAVID STATON was caused to suffer and develop massive infection(s), abdominal complications, surgical complications, injuries to the body and body organs and related complications and permanently injured.

12. The conduct of each of the named and fictitious party defendants combined and concurred, and as proximate result of same, Plaintiff was injured and damaged as follows:

a. Plaintiff was permanently injured;
b. Plaintiff was caused, and will in the future be caused, to suffer physical, emotional and mental pain, distress and anguish;
c. Plaintiff was caused and will in the future be caused to incur expenses for medical services; and
d. Plaintiff will be caused to lose future wages and income.
e. Plaintiff's wife suffered loss of consortium and services.

On the basis of the foregoing, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each defendant, and that it award damages in an amount which will adequately compensate Plaintiff for the injuries and damages sustained due to the defendant's negligence. Further, Plaintiff requests that the Court enter judgment consistent with the jury's verdict and that it also award Plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit. Furthermore, the plaintiff requests an award of damages to the Plaintiff in the amount of One Million Dollars ($1,000,000.00) in compensatory damages and One Million Dollars ($1,000,000.00) in punitive damages.

Respectfully Submitted,

FRANK O. HANSON, JR. (HAN007)
Attorney for Plaintiff

OF COUNSEL FOR PLAINTIFF:
4401 Gary Avenue
Fairfield, Alabama 35064
(205) 786-3775

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for the trial of this cause.

FRANK O. HANSON, JR.

**REQUEST FOR SERVICE**

Pursuant to Alabama Rules of Civil Procedure, 4.1 and 4.2, Plaintiff requests that the foregoing summons and Complaint be served by certified mail.

FRANK O. HANSON, JR.

# ATTACHMENT B

**IN THE CIRCUIT COURT FOR JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| DAVID AND TERRI STATON,<br><br>Plaintiffs,<br><br>v.<br><br>DAVOL INC.; C. R. BARD, INC.; A; B; C; D; E; F; G; H; I; J; K; L; M; N,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: CV-2007-900670.00 |

**NOTICE AND FILING OF COPY OF NOTICE OF REMOVAL**

**TO:** Honorable Clerk of Circuit Court
of Jefferson County, Alabama
Anne Marie Adams
716 Richard Arrington Jr. Blvd. North
Room 400
Birmingham, Alabama 35203

PLEASE TAKE NOTICE that this action has been removed to the United States District Court for the Northern District of Alabama, Southern Division ("District Court") by the filing of the attached Notice of Removal with the Clerk of the District Court on June 4, 2007. A copy of this notice is on file with the District Court. The Circuit Court for Jefferson County, Alabama may proceed no further unless or until this case is remanded.

Dated: June 4, 2007

Respectfully submitted,

Crawford McGivaren, Jr. MCG008
Melanie M. Bass MER013
Cabaniss, Johnston, Gardner, Dumas & O'Neal LLP
2001 Park Place North
Suite 700
Birmingham, AL 35203
(205) 716-5200

*COUNSEL FOR DEFENDANT DAVOL, INC. AND DEFENDANT C.R. BARD, INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a true and correct copy of the foregoing on all parties to this proceeding, or their attorney of record, as follows:

Mr. Frank O. Hanson, Jr.
4401 Gary Avenue
Fairfield, Alabama 35064

by placing the same in the United States mail, first class postage prepaid and properly addressed this 4th day of June 2007.

OF COUNSEL