FILED
2007 Jun-08 PM 04:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| DAVID AND TERRY STATON,<br><br>Plaintiffs,<br><br>v.<br><br>DAVOL INC.; C. R. BARD, INC.; A; B; C; D; E; F; G; H; I; J; K; L; M; N,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.: CV-07-HGD-1033-S |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS**
**DAVOL, INC. AND C.R. BARD, INC.**

Defendants Davol, Inc. and C.R. Bard, Inc. (collectively "Defendants"), by and through their counsel, answer Plaintiffs' Complaint as follows:

**COUNT I**

1. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore deny the same.

2. Paragraph 2 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore denies the same.

3. Defendants state that the allegations in Paragraph 3 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 3.

4. Davol Inc. admits that it designed, distributed, manufactured, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its

accompanying labeling information throughout the United States, including the State of Alabama. Davol does not know what is meant by the terms "formulating" or "developing" beyond the terms designing and manufacturing that have previously been admitted; therefore it denies the allegations. Bard denies these allegations. As to the remaining allegations contained in Paragraph 4, Defendants either lack sufficient knowledge or information to form a belief as to the truth of the allegations or those allegations are conclusions of law to which no response is required, to the extent a response is required, Defendants deny the same.

5. The allegations in Paragraph 5 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

6. The allegations in Paragraph 6 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

7. These allegations are subject to Defendants' Partial Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiffs' allegations if and when ordered by the Court.

8. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiffs' allegations if and when ordered by the Court.

9. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiffs' allegations if and when ordered by the Court.

10. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiffs' allegations if and when ordered by the Court.

11. The allegations in Paragraph 11 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

12. The allegations in Paragraph 12 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

## SEPARATE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiffs' claims in whole or in part.

3. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiffs' claims in whole or in part.

4. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars them.

5. Applicable statutes of limitations, statutes of repose, and/or the doctrine of laches bar Plaintiffs' claims in whole or in part.

6. Plaintiffs', or their agents', including their physicians', misuse or abnormal use of the product or failure to follow instructions bar the Plaintiffs' claims in whole or in part.

7. If Plaintiffs used a product sold by Defendants, then Plaintiffs' claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

8. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiffs' alleged injuries.

9. If Plaintiffs sustained any damages or injuries, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiffs, including contributory negligence, contributory fault, comparative fault; assumption of the risk, or failure to mitigate damages.

10. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars Plaintiffs' claims.

11. The learned intermediary doctrine bars Plaintiffs' claims.

12. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

13. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

14. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law.

15. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' injuries, if any, were the result of conduct of Plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiffs' pre-existing medical conditions.

16. If Plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected

with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiffs' alleged injury or damages.

17. Defendants state that if Plaintiffs sustained any damages or injuries, which is specifically denied, and such damages or injuries were caused by the acts, omissions or fault of Plaintiffs or others, for whose conduct Defendants are not responsible; accordingly, Defendants are entitled to an assessment of the relative degree of fault for all such persons and entities.

18. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiffs' own idiosyncratic reactions.

19. Plaintiffs failed to mitigate, which limits Plaintiffs' damages, if any, in whole or in part.

20. Defendants have no legal relationship or privity with Plaintiffs and owes no duty to Plaintiffs by which liability could be attributed to it.

21. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiffs. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiffs failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

22. Plaintiffs' causes of action are barred in whole or in part by Plaintiffs' own comparative negligence.

23. Plaintiffs' recovery, if any, shall be reduced by those payments that Plaintiffs received from collateral sources.

24. If Plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

25. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiffs may have suffered, if any.

26. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), bars Plaintiffs' alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the due process guarantees embodied in the Alabama constitution.

27. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the Alabama constitution.

28. To the extent Plaintiffs' Complaint seeks punitive damages, such claims are barred because Plaintiffs have failed to allege conduct warranting the imposition of punitive damages under Alabama and/or other applicable laws.

29. To the extent Plaintiffs' Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

30. Plaintiffs' claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than Alabama.

31. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

WHEREFORE, Defendant Davol, Inc. and Defendant C.R. Bard, Inc. demand judgment in their favor and against Plaintiffs, dismissing Plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Dated: June 8, 2007

Respectfully submitted,

Crawford McGivaren, Jr.
Melanie M. Bass
Cabaniss, Johnston, Gardner, Dumas & O'Neal LLP
2001 Park Place North
Suite 700
Birmingham, AL 35203
(205) 716-5200

*COUNSEL FOR DEFENDANT DAVOL, INC.*



472937v1

*AND DEFENDANT C.R. BARD, INC.*