FILED
2007 Jul-02 AM 11:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| DAVID AND TERRY STATON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No.: CV-07-HGD-1033-S |
| v. | ) | |
| | ) | |
| DAVOL INC.; C. R. BARD, INC.; A; B; C; D; E; F; G; H; I; J; K; L; M; N, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' AMENDED MOTION TO DISMISS PARAGRAPH 7, 8, 9, AND 10 <u>OF COUNT ONE OF PLAINTIFFS' COMPLAINT</u>**

In this medical device product liability case, plaintiffs claim that defendant Davol Inc.'s and defendant C. R. Bard, Inc.'s Composix® Kugel® Hernia Patch, an FDA-approved sterile polypropylene mesh prosthesis designed for use in all forms of hernia repair, caused him to develop an infection and various other injuries subsequent to his April 19, 2005, hernia repair surgery. (*See* Compl. ¶¶ 1 & 11). Several allegations within plaintiffs' Complaint lack factual and/or legal basis and should therefore be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**ARGUMENT**

**I. A Rule 12(b)(6) Motion Should be Granted Where The Facts Alleged By Plaintiffs Provide No Bases for Recovery.**

"In passing on a [Rule 12(b)(6) motion], the court accepts all of [the plaintiffs'] well-pled allegations as true, and grants [the plaintiffs] all the favorable inferences that can be drawn from those allegations." *Bickley v. Caremark Rx., Inc.*, 361 F. Supp. 2d 1317, 1323 (N.D. Ala. 2004). "A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief." *Cable Alabama Corp. v. City of Huntsville, Ala.*, 768 F. Supp. 1484, 1495 (N.D. Ala. 1991) (quotation marks and citation omitted). But, where the plaintiffs' "complaint[] fail[s] to state a legally sufficient ground for imposing liability . . . . [d]ismissal of the complaint would be proper under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Davis v. Stanley*, 740 F. Supp. 815, 817 (N.D. Ala. 1987).

## II. Plaintiffs' Breach of Warranty Claims Fail As A Matter Of Law And Should Be Dismissed Pursuant To Rule 12(b)(6).

Paragraphs 7 and 8 of plaintiffs' Complaint actually contain two claims: One for breach of an implied warranty and another for breach of an express warranty. *See id.* Even taking plaintiffs' warranty allegations at face value as this Court must with a Rule 12(b)(6) motion, the claims stated in Paragraphs 7 and 8 of plaintiffs' Complaint fail as a matter of law and should be dismissed.

Plaintiffs' warranty claims are governed by Alabama's Uniform Commercial Code ("U.C.C."). *See Spain v. Brown & Williamson Tobacco Corp.*, 872 So. 2d 101, 106-11 (Ala. 2003) (noting distinction between common law products liability claims and warranty claims governed by Alabama's Uniform Commercial Code). Section 7-2-313 of the U.C.C. governs "express warranties," while Section 7-2-314 governs the "implied warranty" of merchantability. Each provision applies to and provides recourse against "sellers." *See* U.C.C. § 7-2-313 (express warranties are created by "sellers"); U.C.C. § 7-2-314 (warranties are implied where "seller is a merchant with respect to goods of that kind.").

Plaintiffs here make no allegation that they purchased the Composix® Kugel® Patch directly from the defendants. To the contrary, plaintiffs received the patch from Baptist Medical Center Princeton or Gregory Thomas, M.D. as part of his hernia repair surgery. *See* Compl. ¶ 1.

Plaintiffs' warranty claims thus fail as a matter of law against defendants, who, although they are the manufacturers of the medical device at issue here, were not the sellers within the meaning of Alabama's U.C.C. *See Rose v. General Motors Corp.*, 323 F. Supp. 2d 1244, 1248 (N.D. Ala. 2004) (holding that Alabama law, as applied by the Supreme Court of Alabama, would preclude warranty actions by remote consumers against manufacturers, even in cases of personal injury).

### III. Plaintiffs' Fraud Claims Fail As A Matter Of Law And Should Be Dismissed Pursuant To Rule 12(b)(6).

Paragraphs 9 and 10 of plaintiffs' Complaint purport to set forth claims based upon allegations of negligent, intentional, or willful concealment[1]. *See id.* Plaintiffs' fraud-based claims lack any legal and factual foundation and should be dismissed.

Plaintiffs' fraudulent concealment claims fail because defendants, as mere product manufacturers with no direct contact, communication, or relationship with plaintiffs, did not owe plaintiffs an independent duty to warn or disclose information about the alleged risks associated with their products. "Alabama law provides that, to prevail on a claim of fraudulent suppression, a plaintiff must show: '(1) the suppression of a material fact (2) that the *defendant has a duty to communicate* (3) because of a *confidential relationship between the parties or because of the circumstances of the case* (4) injury resulting as a proximate consequence of the suppression.'" *Castleberry v. Goldome Credit Corp.*, 408 F. 3d 773, 787 (11th Cir. 2005) (emphasis added) (quoting *Ex parte Dial Kennels, Inc.*, 771 So 2d 419, 421 (Ala. 1999) (per curiam)). "[M]ere silence in the absence of a duty to disclose is not fraudulent." *Mason v. Chrysler Corp.*, 653 So. 2d 951, 954 (Ala. 1995). Here, plaintiffs have not pleaded a duty to disclose on the part of the defendants by virtue of any fiduciary or confidential relationship between the parties, for none in

---

[1] Davol's search reveals no instance of the phrase "negligent," "intentional," or "willful" concealment occurring in the context of a products liability action in Alabama federal and state jurisprudence. It is presumed then that this claim is one for fraudulent concealment.

fact exists. Furthermore, no duty to disclose arises from the particular circumstances of this case. Because fraudulent concealment claims are typically reserved for situations involving a confidential or other special relationship between the parties, other courts have held that "the mere silence or non-disclosure of material facts by a manufacturer does not support a finding of fraudulent concealment brought by the ultimate consumer." *Rule v. A. O. Smith Corp.*, No. 1:04-CV-18912, 2005 WL 2978694, at *5 (N.D. Ohio Oct. 11, 2005) (applying Mississippi law and quoting *Harris v. Brush Engineered Materials, Inc.*, unpublished slip op. (S. D. Miss. Feb. 18, 2005)); *See Mason*, 653 So. 2d at 954-55 (affirming summary judgment on fraudulent concealment claim, holding that purchasers of car and car manufacturer shared no confidential relationship and no special circumstances gave rise to a duty on the part of the car manufacturer to speak). The same rationale bars plaintiffs' fraudulent concealment claims in this case.

To the extent the plaintiffs' fraud claims are based upon alleged misrepresentations found in the on-product labeling that accompanies the medical devices at issue here,[2] any such statements - assuming plaintiffs detrimentally relied upon them - cannot form the basis for plaintiffs' fraud allegations. Otherwise, every product -liability failure-to-warn claims would automatically give rise to a fraud claim, and this is not the rule. *See, e.g., Ruth v. A. O. Smith Corp.,* 2005 WL 2978694, at *5 (N.D. Ohio Oct. 11, 2005) ("Even accepting as true (for the purpose of argument only) that the warnings on the products that [the plaintiffs] used misrepresented the safety of [the product], to adopt [the plaintiffs'] argument would be to hold that every failure to warn claim was also a fraud claim . . . . The affirmative misrepresentations upon which a claim for fraud must be premised cannot include only the very warnings that support a product liability claim for failure to warn.").

---

[2] Due the vagueness of plaintiffs' fraud allegations, the basis for those allegations is unclear. *See* Compl. ¶¶ 9 & 10.

At best, plaintiffs' vague fraud claims are subsumed, and therefore precluded by the claims pleaded in other paragraphs in conjunction with Alabama's Extended Manufacturer's Liability Doctrine. For that reason, and for the other reasons set out above, plaintiffs' fraud claims should be dismissed.

## IV. Plaintiffs' Fraud Claims Are Not Pleaded With Particularity In Violation Of Rule 9(b) Of The Federal Rules Of Civil Procedures.

Even if the Court were to find some legal basis for plaintiffs' fraud claims, the factual basis for those claims remains shrouded behind plaintiffs' vague and conclusory allegations, thus requiring dismissal of the claims under Rule 9(b). Rule 9(b) mandates that "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." "Particularity" means that a plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them." *United States ex rel. Atkins v. McInteer*, 470 F. 3d 1350, 1357 (11th Cir. 2006) (internal quotation marks omitted) (quoting *United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F. 3d 1301, 1310 (11th Cir. 2002)). "The particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *Atkins*, 470 F. 3d at 1359 (internal quotation marks omitted) (quoting *Durham v. Bus. Mgmt. Assoc.*, 847 F. 2d 1505, 1511 (11th Cir. 1988)).

Plaintiffs' fraud claims are not pleaded with the particularity required by Rule 9(b). Plaintiffs' fraud allegations consist entirely of the claim that defendants "withheld and concealed information concerning the infection risks and dangers of said device/equipment/system from the public, the plaintiffs, and the medical profession." Compl. ¶ 10. Plaintiffs wholly fail to provide any foundation for their fraud claim, omitting details concerning the time, place, substance,

and/or provider of the allegedly fraudulent statements that give rise to their claims. Plaintiffs' failure to plead their fraud claims with the particularity required by Rule 9(b) is telling: These details should be in plaintiffs' sole possession, yet they have not provided them because they cannot provide them. Ultimately, plaintiffs' demonstrated inability to plead their fraud claims with the particularity demanded by Rule 9(b) suggests that those claims should be dismissed at this time. *See Atkins*, 470 F. 3d at 1362 (affirming trial court order dismissing fraud claims without leave to amend where plaintiff failed to show how amendment would save meritless claims).

**CONCLUSION**

For the foregoing reasons, defendant Davol, Inc. and defendant C. R. Bard, Inc. respectfully request that the Court grant its motion to dismiss.

Dated: July 2, 2007

Respectfully submitted,

Melanie M Bass GCM with express permission

Crawford McGivaren, Jr.
Melanie M. Bass
Cabaniss, Johnston, Gardner, Dumas & O'Neal LLP
2001 Park Place North
Suite 700
Birmingham, AL 35203
(205) 716-5200

*COUNSEL FOR DEFENDANT DAVOL, INC. AND DEFENDANT C.R. BARD, INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a true and correct copy of the foregoing on all parties to this proceeding, or their attorney of record, as follows:

Mr. Frank O. Hanson, Jr.
4401 Gary Avenue
Fairfield, Alabama 35064

by placing the same in the United States mail, first class postage prepaid and properly addressed this 2nd day of July, 2007.

OF COUNSEL